**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Hillmar-Ivan Bittner,

Plaintiff,

v.

**ORDER**
Civil No. 00-2063 ADM/AJB

United States District Court,
James M. Rosenbaum, United States
District Court Judge, and Francis E. Dosal,
Clerk of United States District Court,

Defendants.

---

Hillmar-Ivan Bittner, Rochester, Minnesota, *pro se* Plaintiff.

Gregory G. Brooker, Esq., Assistant United States Attorney, Minneapolis, Minnesota, appeared for and on behalf of the Defendant.

---

On December 12, 2000, the undersigned United States District Judge heard Defendants' Motion to Dismiss [Doc. No. 5]. Plaintiff Bittner alleges that Defendants are liable for failing to enter a default judgment in his favor against the State of Minnesota for over 14 million dollars.

Defendant Judge Rosenbaum has absolute judicial immunity for his judicial acts because his denial of default judgment for Plaintiff in Civil Case No. 99-801 was performed in his judicial capacity and was within the judge's jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991). When Judge Rosenbaum denied Bittner's request for a default judgment and granted the defendant's motion to dismiss, he acted with clear authority and jurisdiction.[1] *See* Fed. R. Civ. P. 12, 55. Thus, Judge Rosenbaum is absolutely immune from liability for his judicial acts.

---

[1] Judge Rosenbaum's dismissal of Bittner's prior suit was affirmed by the Eighth Circuit. *Bittner v. Hatch et al.*, 205 F.3d 1344, 2000 WL 93438 (8th Cir. 2000) (unpublished disposition).

DEC 1 2 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD DEC 1 2 2000
DEPUTY CLERK AKC

(10)

Defendant Clerk of Court Dosal has absolute quasi-judicial immunity because the entry of a default judgment, or the failure to do so, is an act within his duties in the judicial process. *See Smith v. Erickson*, 884 F. 2d 1108, 1111 (8th Cir. 1989). Like Judge Rosenbaum's absolute judicial immunity, Clerk Dosal is absolutely immune from liability for his acts as Clerk of Court.

Based upon the arguments of counsel, together with all the files, records and proceedings, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 5] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.